HURLETRON WHITTIER, INC., *et al.*, Plaintiffs-Appellees, *v.* DONALD BARDA, Defendant-Appellant.

First District (4th Division)   No. 79-717

Opinion filed March 20, 1980.—Rehearing denied April 10, 1980.

Elroy C. Sandquist, Jr., and Larry R. Eaton, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellant.

George B. Collins and Richard T. Wimmer, both of Collins & Amos, of Chicago, for appellees.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Altair Corporation (Altair), and its wholly owned subsidiary, Hurletron Whittier, Inc. (HW), brought this contract action in the circuit court of Cook County against defendant, Donald Barda. The trial court denied defendant's motion to quash service of summons and certified the question for an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308). We granted defendant's application for leave to appeal from that order.

The question certified for review is whether an Illinois court may exercise personal jurisdiction over the defendant within the scope of the Illinois "long-arm" statute (Ill. Rev. Stat. 1977, ch. 110, par. 17(1)(a),(b) and consistent with due process.

We reverse the order of the trial court and remand with directions.

Defendant, a California resident for the past 18 years, owned Telonic, a company with assets located in California and Italy. In 1973, defendant sold his interest in Telonic to plaintiff HW, a California

corporation with its principal place of business in California. HW is a wholly owned subsidiary of plaintiff Altair, a Delaware corporation with its principal place of business in Illinois. Between October 1974 and September 1975, Altair's corporate headquarters were located in California.

Concurrently with the sale of Telonic and its merger into HW, defendant entered into an agreement with HW and Altair, providing that defendant was to be employed by HW as its president. Altair was a party to the employment agreement as a guarantor of HW's obligations thereunder, and, in return, defendant agreed not to compete with Altair. The employment agreement was negotiated and executed by parties in California. J. H. Crookes, chairman and chief executive officer of Altair, who signed the agreement on behalf of both HW and Altair, assured defendant that all of his duties for HW were to be performed in California.

In his personal capacity, defendant had neither owned nor rented property in Illinois, has never paid taxes in Illinois, and has never maintained an office, address, telephone, bank account or agent in Illinois. Defendant has been in Illinois on only five or six occasions. These visits were never more than one day in duration and all took place between July 1974 and December 1976, at the request of Altair. The purpose of each trip was to present to Altair a report in the nature of an annual report. At one such meeting in Chicago in August 1974, defendant met with Crookes, and another officer of Altair to discuss a modification in defendant's employment agreement, which is the subject of count III of the plaintiffs' complaint. In all other respects, defendant's duties to HW were performed in California until his employment terminated on December 31, 1977.

On June 20, 1978, plaintiffs filed a three-count complaint against defendant. Count I charges breach of the employment agreement and corporate mismanagement arising out of an incident in 1977. Defendant allegedly failed to pay an Italian notary's claim of approximately $450, as a result of which the Italian corporation (a Telonic subsidiary) was placed in receivership and HW was unable to recover an outstanding debt owed to it by the Italian corporation. Count II is based on the same alleged facts and claims that defendant's conduct resulted in a breach of his fiduciary duty to plaintiffs. Count III seeks a declaratory judgment of the parties' respective rights and obligations under a modified bonus provision in defendant's employment agreement, negotiated in Chicago in August of 1974, and, later, allegedly repudiated by defendant. Plaintiffs seek declaratory relief because "[d]efendant now threatens suit on the matter of said bonus."

On January 19, 1979, the trial court denied defendant's motion to

quash the service of summons. The question was certified for appeal on April 19, 1979, and this appeal followed.

OPINION

It is undisputed that if jurisdiction is to be sustained over the nonresident defendant in this case, it must be acquired under the Illinois "long-arm" statute (Ill. Rev. Stat. 1977, ch. 110, par. 17), which provides in relevant part:

> "(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> (a) The transaction of any business within this State;
> (b) The commission of a tortious act within this State;
>
> *  *  *
>
> (3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section."

■■■ In enacting the long-arm statute, the Illinois legislature intended to exert jurisdiction over nonresidents to the extent permitted under the due process clause. (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673.) Sufficient minimum contacts must nevertheless exist in the forum State so that jurisdiction over a nonresident defendant is reasonable and just according to traditional concepts of fair play and substantial justice. (*Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228; *Grobark v. Addo Machine Co.* (1959), 16 Ill. 2d 426, 158 N.E.2d 73.) The determination as to what constitutes such minimum contacts cannot be made by a rule of thumb, but rather by what is fair and reasonable in the particular situation. (*Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97, 201 N.E.2d 763.) The relevant inquiry in determining whether a nonresident defendant has the constitutionally requisite minimum contacts for personal jurisdiction to be asserted over him is whether the defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protections of the law of the forum. *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761.

To sustain *in personam* jurisdiction, plaintiffs first claim that defendant transacted business in Illinois within the scope of section 17(1)(a). The complaint alleges that defendant breached his employment agreement with HW when, in August 1977, he failed to pay or report an Italian notary's claim to plaintiffs' management. The employment agreement

was negotiated and executed in California between defendant, a California resident, and HW, a California corporation. Altair, the parent corporation with its principal place of business in Illinois, was a party to that employment agreement only as a guarantor of HW's obligations thereunder. All of defendant's management duties were performed in California for HW, and it appears defendant's only contacts with Illinois were five or six visits to Illinois between 1974 and 1976, when defendant presented annual reports to Altair. The presentation of annual reports to Altair was not a contractual duty arising from defendant's employment agreement with HW, and they were made solely at the request of Altair. Defendant's appearances on these occasions were made in his representative capacity as president of HW.

■■ ■ It is our opinion that the tenuous nature of defendant's business contacts with Illinois will not support the exercise of jurisdiction. The existence of personal jurisdiction must be established by acts of the defendant; however, the conduct of a person in a representative capacity cannot be relied upon to exercise individual personal jurisdiction over that person. (See *Mergenthaler Linotype Co. v. Leonard Storch Enterprises* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379; *Stansell v. International Fellowship, Inc.* (1974), 22 Ill. App. 3d 959, 318 N.E.2d 149; *Chicago Silver Exchange v. United Refinery, Inc.* (N.D. Ill. 1975), 394 F. Supp. 1332.) Thus, defendant's visits to Illinois on behalf of plaintiff HW and at the request of plaintiff Altair cannot, as the unilateral acts of these plaintiffs, confer jurisdiction over the defendant (*Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283), 78 S. Ct. 1228, for these acts in no way invoked the protection of Illinois law for the benefit of the defendant. More importantly, contrary to the requirements of section 17(3), defendant's limited contacts with Illinois between 1974 and 1976 have no connection with the operative facts, involving the failure to pay a notary's claim in 1977, which gave rise to the claim for breach of contract. See *Mergenthaler Linotype Co. v. Leonard Storch Enterprises* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379; *Boyer v. Boyer* (1978), 57 Ill. App. 3d 555, 373 N.E.2d 441.

Plaintiffs also contend that defendant, through his negligent acts of mismanagement and breach of fiduciary duty, caused Altair to suffer economic loss in Illinois, resulting in the commission of a tortious act in Illinois. Consequently, plaintiffs argue jurisdiction may be sustained under section 17(1)(b).

■■ The recent United States Supreme Court decision in *World-Wide Volkswagen Corp. v. Woodson* (1980), ___ U.S. ___, 62 L. Ed. 2d 490, 100 S. Ct. 559, makes clear that the mere occasion of a foreseeable injury within the confines of a State is not alone sufficient to confer personal jurisdiction under the due process clause. "This is not to say, of course,

that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (___U.S. ___, ___, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567; see also *McBreen v. Beech Aircraft Corp.* (7th Cir. 1976), 543 F.2d 26.) Thus, if a defendant has not purposefully availed himself of the privilege of conducting activities within the forum State, the fact that an injury resulted within that State is not alone sufficient to permit the exercise of jurisdiction over a defendant within the requirements of the due process clause.

As we have already stated, the instant defendant had no meaningful contacts with Illinois. This case must be contrasted with *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761. The defendant in *Gray* delivered its products into the stream of commerce with the expectation that they would be purchased and used by consumers in the forum State, and the injury resulted in the forum State from such use. Here, the defendant did not instigate a commercial course of conduct with this State which resulted in injury to plaintiffs.

Finally, requiring defendant to defend this lawsuit in Illinois is neither reasonable nor in keeping with the orderly administration of justice. (See *Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228.) The instant action involves a California resident, employed by a California corporation to perform management duties in California. That HW was owned by Altair, a corporation with its principal place of business in Illinois, seems too flimsy a basis for requiring defendant to defend in this State.

With regard to count III of plaintiffs' complaint, seeking a declaratory judgment, there is no allegation of jurisdictional acts within this State that will permit the exercise of long-arm jurisdiction. Count III alleges acts of alleged repudiation of a contract modification by defendant and is prematurely premised on a "threatened" suit. It is thus based upon acts which have not yet occurred, either in Illinois or anywhere else.

Accordingly, we reverse the order of the circuit court of Cook County and remand this cause to that court with directions that it grant the motion to quash service of process on the defendant and dismiss this cause for lack of jurisdiction.

Reversed and remanded with directions.

JOHNSON and JIGANTI, JJ., concur.