LOUISE OLINSKI, Special Adm'r of the Estate of Lynn Olinski, Deceased, Plaintiff-Appellant, v. MACK DUCE, Defendant-Appellee (Hillcrest Park, a/k/a Hillcrest Corporation, *et al.*, Defendants).

First District (3rd Division)   No. 86—3316

Opinion filed May 6, 1987.

Robert J. Cooney & Associates, of Chicago (James E. Ocasek, of counsel), for appellant.

Johnson, Cusack & Bell, Ltd., of Chicago (Donald N. Hoppe, Brian J. Wanca, and Michael B. Gunzburg, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Louise Olinski, as special administrator of the estate of decedent Lynn Olinski, appeals from the trial court order granting the motion of defendant Mack Duce, a Texas resident, to quash service of process for lack of personal jurisdiction under the Illinois long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2−209(a)).

On August 2, 1981, decedent was electrocuted on a bumper car ride in Hillcrest Park, an amusement park in Romeoville, Illinois. On August 1, 1983, plaintiff filed a fourth amended complaint in which counts II and III alleged strict liability in tort and negligence against Duce and other defendants who are not parties to this appeal. The complaint alleged that Duce individually designed, manufactured, distributed, and sold the bumper car ride to Hillcrest Corporation in Illinois. On May 27, 1983, Duce was served with the summons and complaint.

Duce filed a special and limited appearance and a motion to quash service of summons. Duce stated in a supporting affidavit that he is a Texas resident and that he has never engaged in the business of designing, manufacturing, distributing, or selling amusement park ride equipment in his individual capacity in Illinois. He has never been individually licensed to do business in Illinois and has never transacted business in Illinois, personally or through an agent. Duce has never been to Hillcrest Park in Illinois and was not involved in the negotiations or sale of the subject bumper car ride.

In 1978, defendant Export Sales Corporation, a Texas corporation, sold the bumper car equipment to defendant Hillcrest Corporation in Illinois. Duce worked with Export Sales for 25 years as a member of the board of directors, president, salesman, and shareholder. When Export Sales went out of business, its shares were sold to defendant Exsaco Corporation and Duce International, both Texas companies. Duce is a shareholder of Exsaco and was formerly its president and a member of its initial board of directors. Export Sales,

and later Exsaco, bought amusement park equipment from S.D.C., srl., also known as Spaggiari-Duce Corporation, an Italian corporation which manufactured the subject bumper car ride equipment. Duce is also the sole proprietor of Duce & Company and Duce & Company, Inc.

Duce testified at a deposition regarding numerous trademarks, advertisements, and photographs of equipment bearing various logos and names, including: "Duce-Mark of Excellence"; "Mack Duce" as part of the identical logos used by Export Sales and Duce & Company; "equipment manufactured by Spaggiari-Duce Company"; "Duce Bumper Cars"; and "manufactured by Duce & Co."

■ Plaintiff contends that Illinois courts have *in personam* jurisdiction over Duce. Plaintiff bears the burden of proof in establishing jurisdiction over defendant. (*Johnston v. United Presbyterian Church in the United States of America, Inc.* (1981), 103 Ill. App. 3d 869, 431 N.E.2d 1275.) The complaint must allege facts which would bring the nonresident defendant under Illinois jurisdiction. (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673.) Plaintiff relies upon the Illinois long-arm statute, which provides that individuals who, in person or through an agent, commit tortious acts within Illinois thereby submit themselves to the jurisdiction of Illinois courts as to any cause of action arising from that tortious act. Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a)(2).

In arguing that Duce falls under this jurisdictional provision, plaintiff relies upon the "apparent manufacturer" theory of liability. (See *Hebel v. Sherman Equipment* (1982), 92 Ill. 2d 368, 442 N.E.2d 199.) Plaintiff reasons that Illinois jurisdiction over Export Sales is uncontested, and consequently Illinois jurisdiction over Duce "would follow the same path" because Duce has held himself out to the public, *e.g.*, through trademarks and advertisements, as the manufacturer of the bumper cars.

■ Plaintiff erroneously ignores the preliminary question of jurisdiction and instead prematurely confronts the issue of Duce's liability, thereby blurring the line between liability and jurisdiction. (See *First National Bank v. Boelcskevy* (1984), 126 Ill. App. 3d 271, 466 N.E.2d 1182.) Personal jurisdiction refers to the power of a court to bind parties to its judgments, while personal liability involves the responsibility, and the exposure of a party's personal, not corporate, assets to judgment. 126 Ill. App. 3d 271, 466 N.E.2d 1182.

■ We find that Duce is not subject to the personal jurisdiction of Illinois courts. Under the fiduciary shield doctrine, if an individual has contact with a State only by virtue of his acts as a fiduciary of a cor-

poration, he may be shielded from Illinois' exercise of jurisdiction over him personally on the basis of that conduct. (*Financial Management Services, Inc. v. Sibilsky & Sibilsky, Inc.* (1985), 130 Ill. App. 3d 826, 474 N.E.2d 1297; *Hurletron Whittier, Inc. v. Barda* (1980), 82 Ill. App. 3d 443, 402 N.E.2d 840.) While the nonresident's conduct might subject him to personal liability, that same conduct does not necessarily permit the exercise of *in personam* jurisdiction over the nonresident. *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379; see also *State Security Insurance Co. v. Frank B. Hall & Co.* (N.D. Ill. 1981), 530 F. Supp. 94.

■ A conclusion that a foreign corporation is subject to Illinois jurisdiction does not require the further conclusion that an employee, shareholder, president, or member of the board of directors of that corporation is also subject to Illinois jurisdiction. *Illinois National Bank & Trust Co. v. Gulf States Energy Corp.* (1981), 102 Ill. App. 3d 1113, 429 N.E.2d 1301; *Merganthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379.

Plaintiff alleges that Duce designed, manufactured, distributed, and sold the bumper car ride to Hillcrest in Illinois. Plaintiff also alleges that Duce was the president, a shareholder, and on the board of directors of Export Sales and Exsaco. Plaintiff states that Duce was sole proprietor of Duce & Company and of Duce & Company, Inc., and that Duce's name was used in connection with the amusement park equipment.

Plaintiff apparently urges this court to merge the fiduciary shield doctrine with the apparent manufacturer doctrine. Plaintiff reasons that Duce is subject to personal jurisdiction in Illinois because he intended the public to believe he was individually involved in the manufacture, distribution, and sale of amusement park equipment in Illinois and because his name had commercial value. Plaintiff asserts that Duce profited as an individual and thus should be "held to the same responsibility, for placing the defective product into the stream of commerce, as a corporate entity also involved."

■ These conclusory allegations fail to establish facts which show that Duce personally committed a tortious act in Illinois or invoked the benefits and protection of Illinois law or reasonably anticipated being called to defend himself in an Illinois court.

In his capacity as a president, shareholder, or member of the board of directors, Duce did not, *e.g.*, participate in the actual solicitation or installation of the bumper car ride in Illinois. Duce's only apparent connection with the Hillcrest Park equipment involved the use

of his name on various logos, advertisements, and equipment. This does not constitute the type of contact which our long-arm statute reaches such that Illinois courts could properly maintain personal jurisdiction over Duce. (See *Illinois National Bank & Trust Co. v. Gulf States Energy Corp.* (1981), 102 Ill. App. 3d 1113, 429 N.E.2d 1301.) The trial court properly granted Duce's motion to quash service of summons for lack of personal jurisdiction.

In view of our finding that the Illinois long-arm statute confers no jurisdiction over Duce, we need not address plaintiff's argument that principles of due process permit jurisdiction over Duce. *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203; *McKnelly v. Whiteco Hospitality Corp.* (1985), 131 Ill. App. 3d 338, 475 N.E.2d 992.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE and FREEMAN, JJ., concur.