BRIAN CLEARY et al., Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellees, v. PHILIP MORRIS, INC., et al., Defendants (B.A.T. Industries, P.L.C., Defendant-Appellant).

First District (6th Division)   No. 1—99—0525

Opinion filed March 17, 2000.

Michael T. Hannafan & Associates, Ltd., of Chicago (Michael T. Hannafan and Cory A. Johnson, of counsel), and Simpson, Thacher & Bartlett, of New York, New York (Mary Elizabeth McGarry, Ronald M. Neumann, and David M. Moss, of counsel), for appellant.

Edward T. Joyce & Associates, P.C.(Edward T. Joyce, Arthur W. Aufmann, and Eileen A. Maastricht, of counsel), Law Offices of Patrick J. Sherlock (Patrick J. Sherlock, of counsel), and Nisen & Elliot (Michael H. Moirano, of counsel), all of Chicago, for appellees.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

This action, brought on behalf of a statewide class of smokers, seeks to recover money spent on tobacco products. Defendant B.A.T. Industries, P.L.C. (B.A.T. Industries), appeals from the circuit court's

order denying its motion to dismiss plaintiffs' complaint against it for lack of personal jurisdiction. We granted B.A.T. Industries' petition for leave to appeal under Supreme Court Rule 306(a)(3). 134 Ill. 2d R. 306(a)(3).

The record shows that B.A.T. Industries is incorporated under the laws of England and Wales with its office located in London, England. Affidavits filed by B.A.T. Industries state that it has never had more than 185 employees, all located in London. The company is engaged in the administering of its investment interests as a shareholder in hundreds of subsidiaries, including defendants Brown & Williamson Tobacco Corporation (B&W) and British-American Tobacco Company Limited (BATCo)(which company changed its name on April 24, 1998, to British-American Tobacco (Investments) Limited.) Neither of those two subsidiaries has contested personal jurisdiction in this matter.

B.A.T. Industries asserts, without challenge from plaintiffs, that it has never engaged in the manufacture, sale, advertising or marketing of tobacco products, nor any other goods or products, in Illinois or anywhere else. It has no office, place of business, mailing address, bank account, telephone listing, real estate or personal property in Illinois, does not pay taxes of any kind in Illinois, is not licensed or qualified to do business in Illinois, has no employees in Illinois; and does not contract to supply goods or services in Illinois.

■ Whether plaintiffs can assert jurisdiction over B.A.T. Industries is initially considered by examining the Illinois long-arm statute. 735 ILCS 5/2—209 (West 1998). The doing of any of the specific acts enumerated in section 2—209 furnishes the "minimum contacts" with Illinois to satisfy due process. Illinois applies a two-step analysis to determine whether the court acquires personal jurisdiction pursuant to the long-arm statute. *International Business Machines Corp. v. Martin Property & Casualty Insurance Agency, Inc.*, 281 Ill. App. 3d 854, 666 N.E.2d 866 (1996) (hereafter *IBM*). The first step is to determine if jurisdiction is proper under the specific language used by section 2—209. If the answer is no, the inquiry ends, but if jurisdiction is found to be proper under the statute, then we reach the second step and determine whether the exercise of jurisdiction comports with due process of law. *IBM*, 281 Ill. App. 3d at 858.

■ The "commission of a tortious act within this State" is a sufficient basis on which to base the assertion of personal jurisdiction under the long-arm statute. 735 ILCS 5/2—209(a)(2) (West 1998). The plaintiffs contend that B.A.T. Industries is subject to Illinois jurisdiction as a result of its joining a conspiracy the purpose of which was to commit tortious acts in Illinois, as well as violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS

505/1 *et seq.* (West 1996)). The complaint alleges, for example, that the defendants engaged in a scheme to conceal the addictive nature of nicotine and that Brown & Williams, a B.A.T. Industries American subsidiary, sent to B.A.T. Industries in England certain research and development reports compiled in the United States on the topic of smoking, disease and addiction, in order to remove sensitive and inculpatory documents from the United States. This and other actions undertaken by B.A.T. Industries were meant to deceive Illinois consumers about the true addictive and harmful nature of tobacco use. Thus, plaintiffs claim that B.A.T. Industries comes within Illinois' jurisdiction as a co-conspirator.

B.A.T. Industries first challenges the notion that it can be summoned into court in Illinois merely on the basis of its alleged participation in a conspiracy to do harm in Illinois.

■ The conspiracy theory of personal jurisdiction employed by plaintiffs is based on the premise "that the acts of [a] conspirator in furtherance of a conspiracy may be attributed to the other members of the conspiracy." *Textor v. Board of Regents of Northern Illinois University*, 711 F.2d 1387, 1392 (7th Cir. 1983). A nonresident defendant can be subject to an Illinois court under the theory if: (1) the defendant was part of an actionable conspiracy, and (2) a co-conspirator performed a substantial act in furtherance of the conspiracy in Illinois. *Textor*, 711 F.2d at 1392-93.

Up until recently, the viability of the conspiracy theory of jurisdiction in Illinois was unclear. As B.A.T. Industries argues, our supreme court has indicated some hesitancy in applying it. See *Green v. Advance Ross Electronics Corp.*, 86 Ill. 2d 431, 427 N.E.2d 1203 (1981), citing *Chromium Industries, Inc. v. Mirror Polishing & Plating Co.*, 448 F. Supp. 544, 552 (N.D. Ill. 1978). In *Cameron v. Owens-Corning Fiberglas Corp.*, 296 Ill. App. 3d 978, 695 N.E.2d 572 (1998), however, this court endorsed the theory, finding that it was both consistent with the Illinois long-arm statute and the requirements of due process. In its ruling, the circuit court held that the conspiracy allegations against the defendants, including B.A.T. Industries, created a sufficient basis for it to assert personal jurisdiction under *Cameron*, even though B.A.T. Industries was an overseas defendant and had submitted affidavits countering many of the allegations of the complaint.

B.A.T. Industries asks that we review *Cameron*, a case that has not yet been considered by a first district panel, as well as consider the question of whether the circuit court applied *Cameron* properly to the facts of the case before it. According to B.A.T. Industries, the conspiracy theory of jurisdiction is not "well-rooted in Illinois law"; it is conceptually flawed because it conflates liability and jurisdiction; it

violates the state and federal constitutions by removing the individualized analysis required by due process; and "courts across the nation" have recognized its weakness.

We summarily reject any argument that the conspiracy theory of personal jurisdiction should not be adopted simply because it is novel. The fact that it is not "well-rooted" in Illinois jurisprudence or even that other courts have rejected it is not a sufficient reason to reject the theory in the absence of an analysis of its strengths and flaws. It is enough for us to note that, at the present time, the theory has not been widely rejected by Illinois courts.

As for the logical basis of the theory, we believe there is more to support its adoption in Illinois than to oppose it. B.A.T. Industries argues strongly that the theory is defective because it confuses liability with jurisdiction. To be sure, there is an important distinction to be drawn between these two concepts. The fact that a defendant may be liable under Illinois law is not particularly relevant to the question of whether jurisdiction may be asserted. See *Olinski v. Duce*, 155 Ill. App. 3d 441, 443-44, 508 N.E.2d 398 (1987). One of this court's decisions has specifically cautioned that "the question of personal jurisdiction and personal liability should not be blurred." *Burnhope v. National Mortgage Equity Corp.*, 208 Ill. App. 3d 426, 440, 567 N.E.2d (1990).

■ However, the rationale underlying the due process requirement of "minimum contacts" is that the defendant must be able to foresee the possibility of being haled into a forum court given its conduct and connection with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 85 L. Ed. 2d 528, 542, 105 S. Ct. 2174, 2183 (1985). To reject the conspiracy in all cases has the effect of giving those outside Illinois who have perpetrated an Illinois tort through the agency of others a potentially unfair immunity from suit. Surely those that join a conspiracy the purpose of which is to commit fraud or other tort in Illinois should, in some circumstances, reasonably foresee the possibility of being haled into court here. We therefore hold that in circumstances where the defendant has actively supported a conspiracy where one of its members operated in Illinois, there may exist the "minimum contacts" necessary to fairly assert jurisdiction.

■ We reject the argument that the conspiracy theory somehow undermines the individualized analysis required by due process. Defendants who are subjected to conspiracy-based long-arm jurisdiction in Illinois must necessarily be provided the same due process protections as any other out-of-state defendant. See *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 311, 489 N.E.2d 1360 (1986) (describing two-part test for determining personal jurisdiction

in Illinois). If the application of the theory results in a given defendant being denied due process, such a fact would preclude its use.

■ We turn, therefore, to the question of whether the record in this case is sufficient to support the assertion of jurisdiction over B.A.T. Industries under the conspiracy theory. Section 2—301 of the Code of Civil Procedure (735 ILCS 5/2—301 (West 1998)) provides that prior to filing any pleading or motion, a defendant may make a special appearance to contest the assertion of personal jurisdiction by the plaintiff. The procedure created by section 2—301 differs from the federal procedure governing jurisdiction because, under the federal procedure, personal jurisdiction is only preliminarily addressed before trial but may be litigated on the merits at trial. *Finnegan v. Les Pourvoiries Fortier, Inc.*, 205 Ill. App. 3d 17, 25, 562 N.E.2d 989 (1990). In Illinois, in contrast, section 2—301 contemplates that the trial court may be required to make a *factual determination* on whether personal jurisdiction exists. See *TCA International, Inc. v. B&B Custom Auto, Inc.*, 299 Ill. App. 3d 522, 531, 701 N.E.2d 105 (1998). Such a finding may be made on the face of the affidavits presented and on the pleadings should the plaintiff not make out a *prima facie* case of jurisdiction (*TCA*, 299 Ill. App. 3d at 530), or after a hearing, at which the circuit court would receive the "evidence adduced upon disputed issues of fact." 735 ILCS 5/2—301(b)(West 1998).

■ The *TCA* court set out the proper procedure in addressing a motion to dismiss a complaint for lack of *in personam* jurisdiction as follows:

"[T]he first question in ruling on a special appearance is whether plaintiff has established a *prima facie* case of jurisdiction through the untraversed pleadings, documents and affidavits. In making this determination, the circuit court must resolve in favor of the plaintiff (or other party urging jurisdiction) any conflicts between affidavits. Concomitantly, at this juncture the court must also accept as true any facts averred by the defendant (or other party opposing jurisdiction) that have not been contradicted by an affidavit submitted by plaintiff. [Citation.] If plaintiff has failed to establish a *prima facie* case, the inquiry is at an end and the defendant's motion should be granted. On appeal from an order dismissing a case on this basis our standard of review would be *de novo*, as it would involve 'solely the application of law to undisputed facts.' [Citations.]

However, in most cases a determination that plaintiff has established a *prima facie* case of jurisdiction will not end the inquiry. If the trial court finds plaintiff has established a *prima facie* case, it must next determine whether there are any controverted jurisdictional facts. If so, it must hold a hearing to resolve these

facts. [Citation.] Such a hearing should be granted in any case in which facts averred in the defendant's affidavits contradict the relevant facts in plaintiff's affidavit, *i.e.*, where defendant has established a *prima facie* case of a *lack* of jurisdiction. In those cases in which the circuit court holds a hearing and determines issues of fact, we will reverse the circuit court's result only if it is against the manifest weight of the evidence. [Citation.]" (Emphasis in original.) *TCA*, 299 Ill. App. 3d at 531-32.

■ In this case, plaintiffs have sufficiently pled the elements necessary to create a *prima facie* case of jurisdiction. One of the allegations of the complaint states, for example, that B.A.T. Industries received research and development reports compiled in the United States on the topic of smoking, disease and addiction from the other defendants in furtherance of the conspiracy, presumably for the purpose of shielding those documents from the discovery process. It is our view that if B.A.T. Industries accepted documents from companies that do business in the United States (and in Illinois) for the purpose of promoting fraud here, then B.A.T. Industries should reasonably anticipate being haled into court to defend itself from those charges.

As B.A.T. Industries points out, however, it has specifically denied each and every allegation made by plaintiffs that would tend to show B.A.T. Industries committed any act designed to further a conspiracy in Illinois. The plaintiffs did not file affidavits countering B.A.T. Industries' specific denials of the allegations in the complaint. Well-alleged facts in an affidavit regarding jurisdiction, which are not contradicted by counteraffidavit, are taken as true notwithstanding the existence of contrary averments in the adverse party's pleadings. *Kutner v. DeMassa*, 96 Ill. App. 3d 243, 248, 421 N.E.2d 231 (1981). Accordingly, there are no longer any controverted jurisdictional facts that support the assertion of personal jurisdiction over B.A.T. Industries.

At times plaintiffs seem to take the position that B.A.T. Industries should be subject to jurisdiction in Illinois merely because B.A.T. Industries was a dominant shareholder in its American subsidiaries or that those subsidiaries are alleged to have acted in furtherance of a conspiracy within the United States. Yet such claims cannot properly form the basis for asserting jurisdiction over B.A.T. Industries in the absence of a showing by plaintiffs that the corporate veil between B.A.T. Industries and its American subsidiaries should be pierced. See *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62-63, 645 N.E.2d 888 (1994) (requiring some tortious act or acts performed in furtherance of the agreement by the defendant).

In sum, we decline to reject in all cases the conspiracy theory of

jurisdiction because we believe there may be factual scenarios where the theory is properly applied to an out-of-state defendant. Nonetheless, we reverse the circuit court and dismiss B.A.T. Industries from the proceedings in light of the failure of the plaintiffs to counter the affidavits by B.A.T. Industries that specifically denied that it undertook the actions set out by plaintiffs in furtherance of the alleged conspiracy. Because B.A.T. Industries has countered the essential jurisdictional allegations of plaintiffs' complaint, there are no "controverted jurisdictional facts" at issue (*TCA*, 299 Ill. App. 3d at 531), and the assertion of jurisdiction over B.A.T. Industries is improper.

For the foregoing reasons, the decision of the circuit court is reversed.

Reversed.

CAMPBELL and BUCKLEY, JJ., concur.