**Jessica VILCHIS and Anna Vilchis, Plaintiffs–Appellants,**

v.

**MIAMI UNIVERSITY OF OHIO and Todd Spohn, Defendants–Appellees.**

No. 03–3845.

United States Court of Appeals, Seventh Circuit.

Argued April 2, 2004.

Decided May 19, 2004.

Lawrence P. Washington, Flossmoor, IL, for Plaintiffs–Appellants.

Jason G. Winchester, Jones Day, Chicago, IL, for Defendants–Appellees.

Before EASTERBROOK, MANION, and WILLIAMS, Circuit Judges.

## ORDER

The District Court for the Northern District of Illinois, Eastern Division, ruled that the plaintiffs, Jessica Vilchis and her mother Ann Vilchis (both citizens of Illinois) could not establish personal jurisdiction for a suit against the defendants, Miami University (the "University") and the coach of its women's diving team, Todd Spohn (both citizens of Ohio). Plaintiffs appeal and we affirm.

I.

Beginning in 1999, Coach Spohn recruited Jessica, then a high school senior, to attend the Miami University of Ohio and compete for the University's diving team. He contacted her after he was contacted by Jessica's high school diving coach, Rick Carlson. Spohn talked with Jessica over the phone, exchanged e-mails with her, and Jessica and her mother traveled to the University on a recruiting trip. After this trip, Jessica decided to attend the University. Her mother preferred that she accept an offer from Northern Illinois because it was closer to home. Jessica, however, much preferred Miami. She accepted a scholarship and joined Miami's diving team when she arrived for her freshman year.

At a diving practice in October 2000, Jessica injured her neck. Despite her injury, Jessica continued diving until the pain became unbearable and she was excused from the practice. It turned out that Jessica's neck was fractured. She underwent surgery and returned briefly to the diving team in 2001, but she was unable to continue to dive and ultimately left the team.

Jessica and her mother eventually sued Spohn and the University in the Circuit Court for Cook County, Illinois, for negligence in responding to Jessica's injury. The defendants removed the suit to the district court. Once in the district court, the defendants moved to dismiss the Vilchises' complaint for, among other things,

lack of personal jurisdiction. The district court concluded there was not personal jurisdiction because the defendants' telephone and e-mail contacts with Jessica in Illinois did not constitute the transaction of business sufficient to confer personal jurisdiction under Illinois' long-arm statute, 735 ILCS 5/2–209. This appeal followed.

## II.

Where the jurisdiction of a federal court is premised on diversity, the court has personal jurisdiction over a defendant only if a state court where the district court sits would have personal jurisdiction. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir.2002). Illinois's long-arm statute provides for personal jurisdiction over a nonresident defendant for the commission of certain enumerated acts. The Vilchises argue that Spohn and the University are subject to specific personal jurisdiction because they transacted business, and committed tortious acts, in Illinois as per 735 ILCS 5/2–209(a)(1) & (2).[1]

A court determining whether a party has transacted business in Illinois for the purposes of the long-arm statute must consider "who initiated the transaction, where the contract was entered into, and where the performance of the contract was to take place." *Ideal Ins. Agency, Inc. v. Shipyard Marine, Inc.,* 213 Ill.App.3d 675, 157 Ill.Dec. 284, 572 N.E.2d 353, 357 (Ill. App.Ct.1991). "A defendant transacts business in Illinois when *substantial* performance of his or her contractual duties is to be rendered in Illinois." *First Nat. Bank of Chicago v. Boelcskevy,* 126 Ill. App.3d 271, 81 Ill.Dec. 380, 466 N.E.2d

1182, 1185 (Ill.App.Ct.1984) (emphasis added). Further, "[a] defendant does not transact business in Illinois merely by entering into a contract that involves an Illinois resident." *Liaquat Khan v. Van Remmen, Inc.,* 325 Ill.App.3d 49, 258 Ill. Dec. 628, 756 N.E.2d 902, 910 (Ill.App.Ct. 2001).

The defendants did not transact business in Illinois. The parties' relationship (Jessica's membership on the diving team) was initiated by Jessica's high school coach and not by Spohn or the University. More importantly, as the district court pointed out, "plaintiffs cannot seriously contend that Jessica's performance on the team was going to take place in Illinois." The University is located in Ohio. The diving team practices on campus and has the majority of its meets in Ohio. According to the team's website,[2] since 1999, the team has traveled to Illinois only once (November 6, 2000 at Northern Illinois University).

In support of their claim that the defendants are subject to the personal jurisdiction of the Illinois court, the Vilchises allege in their brief that Spohn induced Jessica to attend the University with false promises of a four-year full scholarship. The Vilchises argue that these promises amount to a tortious act sufficient to invoke jurisdiction of the district court pursuant to the long arm statute. 735 ILCS 5/2–209(a)(2). This contention has no merit. The act complained of by the Vilchises in their suit, negligence in response to Jessica's diving injury, has nothing to do with Spohn's alleged promises to Jessi-

---

**1.** The Vilchises ground their argument for jurisdiction solely on subsections (a)(1) and (a)(2) of the long-arm statute. They do not argue that an Illinois court would have jurisdiction over the defendants on any other basis

permitted by the Constitution. 735 ILCS 5/2–209(c).

**2.** Miami University's Women's Swimming and Diving Team Season Archive, *at*

ca. In fact, the Vilchises specifically disclaimed in their brief any attempt to sue Spohn or the University for these alleged false promises.

Where a plaintiff asserts that a court has specific personal jurisdiction over a nonresident defendant, the cause of action asserted by the plaintiff must arise out of the contacts that occurred in the forum state, Illinois. *Alderson v. Southern Co.,* 321 Ill.App.3d 832, 254 Ill.Dec. 514, 747 N.E.2d 926, 939 (Ill.App.Ct.2001). This is what is meant by *specific* personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir.1998). Thus, a plaintiff cannot sue a defendant in Illinois for a tort committed in Ohio simply because the plaintiff may have another cause of action against the defendant for an unrelated act that occurred in Illinois.

### III.

An Illinois court (and thus a federal court sitting in diversity) does not have specific personal jurisdiction over Spohn and the University for their allegedly negligent actions in responding to Jessica's diving injury. Insofar as Jessica is concerned, Spohn and the University did not transact business in Illinois and the alleged false promises of a four-year scholarship have no relation to the cause of action asserted by the Vilchises in their suit. The district court is AFFIRMED.

http://muredhawks.ocsn.com/sports/w-swim/archive/mioh-w-swim-archive.html.

* Although this case has two docket numbers, there is only one underlying appeal. The second number was assigned when the appellants filed an amended notice of appeal. The second filing fee has been waived.