HYATT INTERNATIONAL CORPORA-
TION, a Delaware corporation,
Plaintiff,

v.

INVERSIONES LOS JABILLOS, C.A., a
Venezuelan corporation, and Jose Joa-
quin Gonzalez Gorrondona, Hijo, De-
fendants.

No. 79 C 3432.

United States District Court,
N.D. Illinois, E.D.

Dec. 10, 1982.

Michael B. Roche, Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., for plaintiff.

Glenn Backer, Leonard H. Moche, Wikler, Gottlieb, Taylor & Howard, New York City, Steven M. Zuckerman, Levy & Erens, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff, Hyatt International Corporation ("Hyatt"), brings this action to recover payment for services rendered to defendants relating to the development of hotel properties in Venezuela and Aruba. This cause is before the Court on separate motions to dismiss by both defendants, Inversiones Los Jabillos, C.A. ("Los Jabillos") and Jose Joaquin Gonzalez Gorrondona, Hijo ("Gonzalez"), for lack of personal jurisdiction, or in the alternative on the basis of forum non conveniens. For reasons stated below, both motions to dismiss are denied.

## I. *Personal Jurisdiction*

Both defendants have moved to dismiss the complaint on the ground that they have had insufficient contacts with the state of Illinois to subject them to the personal jurisdiction of this Court. Federal courts in diversity actions have personal jurisdiction over a defendant only if a court in the state in which the federal court sits would have jurisdiction over that defendant. *Lakeside Bridge & Steel v. Mountain State Construction Co., Inc.,* 597 F.2d 596, 598 (7th Cir.1979). In this state, the Illinois long-arm statute governs the Court's diversity jurisdiction over non-resident defendants. Ill.Rev.Stat. Ch. 110, par. 17(1). Paragraph 17(1) of the statute provides, *inter alia,* that an out of state defendant is subject to the jurisdiction of the Court if he transacts business within the state, and the cause of action arises from that transaction of business. In applying the long-arm statute, the Court must find that the due process "minimum contacts" requirement that the defendants have purposefully availed themselves of the privilege of conducting activity in Illinois has been satisfied. *Shaffer v. Heitner* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe v. Washington* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The party asserting the existence of jurisdiction bears the burden of proof on the jurisdictional issue. *KVOS v. Associated Press,* 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Grafon Corp. v. Hausermann,* 602 F.2d 781 (7th Cir.1979). However, this burden is met by a prima facie showing that jurisdiction is conferred by the long-arm statute. *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir. 1971). In determining whether this burden has been met by the plaintiff, the Court must accept as true all undenied factual assertions, and resolve all factual disputes in favor of the plaintiff for purposes of the motion to dismiss. *Neiman v. Rudolf Wulff & Co., Ltd.,* 619 F.2d 1189, 1190 (7th Cir. 1980).

Plaintiff asserts that this Court has personal jurisdiction over both defendants under the Illinois long-arm statute because they have both transacted business within the state and plaintiff's claims arise from that transaction of business. The following facts, which will be taken as true for purposes of deciding this motion, have been alleged by the plaintiff in the complaint and by affidavit.

The defendants initially contacted plaintiff and advised plaintiff of their interest in constructing three hotels in South America. Thereafter negotiations began in the form of numerous communications between Caracas and Chicago via letter, telex, and telephone. After preliminary negotiations, in October, 1973, defendant Gonzalez, president of Los Jabillos, and other representatives of Los Jabillos spent ten days visiting various Hyatt hotels in the United States. This visit culminated in a two-day visit to Hyatt's headquarters in Chicago. During this two-day period, the parties negotiated, drafted and executed a preliminary memorandum incorporating the parties' intentions with regard to joint development of the hotels. The memorandum was to serve at least as a guideline for future negotiations. The parties apparently intended that these negotiations would ultimately lead to the execution of a standard Hyatt agreement and lease. After many months of negotiations, however, the parties were unable to reach a complete agreement on the terms of a management agreement. As a result, in February, 1975, several representatives of Los Jabillos again visited Chicago in an attempt to salvage the agreement. Negotiations were finally abandoned, and no written lease or management agreement was ever entered into by the parties.

### (a) Los Jabillos

Defendant Los Jabillos contends that the two trips by its representatives to Chicago were insufficient to constitute the "minimum contacts" required under both the Illinois long-arm statute and due process analysis. Under due process principles and the long-arm statute, however, even one visit to the state is sufficient to estab-

lish the minimum contacts necessary to support personal jurisdiction, if the cause of action arose out of the defendant's conduct on that visit. *Wisconsin Electrical Mfg. Co. v. Pennant Products, Inc.,* 619 F.2d 676 (7th Cir.1980); *National Gas Appliance Corp. v. A B Electrolux,* 270 F.2d 472 (7th Cir.1959); *United Air Lines v. Conductron Corp.,* 69 Ill.App.3d 847, 26 Ill.Dec. 344, 387 N.E.2d 1272 (1979); *Morton v. Environmental Land Systems,* 55 Ill.App.3d 369, 13 Ill.Dec. 79, 370 N.E.2d 1106 (1977). By sending its representative into the state on two occasions for the express purpose of conducting extensive negotiations, during which an unbinding "agreement" was reached, and by sending numerous other communications into the state, Los Jabillos has purposefully availed itself of the privilege of conducting activities within the state, thereby invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Therefore, the "minimum contacts" requirement of due process and the Illinois long-arm statute have been satisfied with regard to Los Jabillos.

Los Jabillos further argues that the long-arm statute does not apply because plaintiff's causes of action do not arise out of the activities of defendant in Illinois. The minimum relationship required by the statute is that plaintiff's cause of action be "one which lies in the wake of the commercial activities by which the defendant is submitted to the jurisdiction of Illinois courts." *Volkswagen Insurance Co. v. Whittington,* 58 Ill.App.3d 621, 624, 16 Ill. Dec. 179, 182, 374 N.E.2d 954, 957 (1978). In this case, plaintiff claims that the services for which it seeks payment were rendered as a direct result of the negotiations conducted in this state between the parties. While the Court makes no determination as to the merits of plaintiff's claims, they clearly "lie in the wake of" the negotiations between plaintiff and defendants in Chicago. Hence, the requirement that the causes of action arise from the defendant's activities within the state is satisfied. The Court therefore concludes that the activities of Los Jabillos in Illinois are sufficient to sub-

ject it to the personal jurisdiction of this Court.

### (b) Defendant Gonzalez

Defendant Gonzalez raises the same two arguments against personal jurisdiction made by Los Jabillos, and the Court finds those arguments equally unpersuasive under the allegations of the complaint. First, as discussed above, the Court finds that plaintiff's causes of action arise from the defendant's activities within the state. Further, the plaintiff alleges significant contacts by Gonzalez with the state of Illinois. Gonzalez was a principal negotiator during the October, 1973 two-day meeting in Chicago, and the preliminary "agreement" reached between the parties was signed by Gonzalez as president of Los Jabillos. Plaintiff also alleges that Gonzalez' agent attended the February, 1975 meeting in Chicago. Plaintiff further alleges that these acts of Gonzalez were made on his own behalf, and that Los Jabillos was maintained by him as a mere shell through which he conducted his own personal business. Gonzalez argues that these contacts with the state of Illinois are insufficient to satisfy the minimum contacts test. As discussed above, however, contacts of this nature are more than sufficient to meet the requirements of due process and the Illinois long-arm statute.

Gonzalez further asserts that, even if these acts are sufficient to establish minimum contacts, he is protected from the jurisdiction of the Court by the so-called "fiduciary shield" doctrine. Gonzalez contends that this doctrine applies to protect him from the exercise of personal jurisdiction over him when his sole contact with a state is by virtue of his acts as a fiduciary of a corporation. However, no Illinois courts have referred to this doctrine by name, and a close examination of Illinois decisions in which reference to the doctrine is made reveals that Illinois courts have not applied the doctrine with full force, but have instead relied upon traditional minimum contacts analysis as the basis for decision. *See, e.g., Hurletron Whittier, Inc. v.*

Barda, 82 Ill.App.3d 443, 37 Ill.Dec. 838, 402 N.E.2d 840 (1980); *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.,* 66 Ill.App.2d 789, 23 Ill.Dec. 352, 383 N.E.2d 1379 (1978).[1]

■ Even if the doctrine were fully adopted by Illinois courts, it is an equitable doctrine which should not be followed mechanically, but instead must be applied with a sound exercise of discretion. *Marine Midland Bank v. Miller,* 664 F.2d 899, 902–03 (2nd Cir.1981). Application of this doctrine requires an analysis of the particular facts of the case. *Id.* at 903. Courts applying the doctrine have held that it should not equitably be applied in cases where plaintiff seeks to pierce the corporate veil by alleging that the corporation was a mere shell utilized by the individual defendant for his personal benefit. *Id.* at 903. *Bulova Watch Co. v. K. Hattori & Co.,* 508 F.Supp. 1322, 1348 (E.D.N.Y.1981).[2]

■ The plaintiff in the instant case alleges in paragraph 5 of the complaint that Los Jabillos has never had any separate corporate existence, but has been used and exists as a mere instrumentality of Gonzalez for the sole purpose of conducting his personal business. Based on these allegations, the Court concludes that the exception to the "fiduciary shield" doctrine would apply in this case even if the doctrine were given full effect by Illinois courts. The doctrine therefore cannot protect Gonzalez from being subject to the personal jurisdiction of this Court, at least at this early stage of the case.

Since the Court has found that Gonzalez' contacts with the State of Illinois are sufficient to satisfy due process requirements

and the Illinois long-arm statute, and since the fiduciary shield doctrine does not apply to protect Gonzalez, the Court concludes that Gonzalez is subject to the personal jurisdiction of the Court at this time.

## II. *Forum Non Conveniens*

The second basis for the motions to dismiss of both defendants is the doctrine of forum non conveniens. In deciding whether dismissal on the basis of forum non conveniens is appropriate in this case, the Court must weigh the factors outlined by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and subsequent cases. In *Gulf Oil,* the Court held that the plaintiff's choice of forum must be given substantial weight, and "unless the balance (of factors considered) is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508, 67 S.Ct. at 843.

■ After considering the locations of the transactions forming the basis of this suit, the convenience to witnesses, the ease of access to proof, the availability of compulsory service of process for compelling the attendance of unwilling witnesses, the importance of a view of the hotel premises, the public and private interests involved, and the practical problems presented by suit in another forum, the Court concludes that the balance of these factors weighs substantially in favor of this forum. Plaintiff's choice of forum must therefore be honored, and defendants' motions to dismiss on the basis of forum non conveniens must be denied.

1. Compare *State Security Insurance Co. v. Frank B. Hall and Co., Inc.* 530 F.Supp. 94 (N.D.Ill.1981).

2. The Court in *State Security Ins. Co. v. Frank B. Hall and Co., Inc.,* 530 F.Supp. 94 (N.D.Ill. 1981), referred to at note 1, *supra,* recognized this exception to the fiduciary shield doctrine. In holding that personal jurisdiction did not exist, the Court explicitly relied on the fact that no allegations had been made that the defendants were using the corporation as a shell to conduct their own business. 530 F.Supp. at 98.

This Court further notes that the Court in *Midland Marine* stated that in determining whether the equitable exception to the fiduciary shield doctrine applies, courts should not apply the traditional stringent test for "piercing the corporate veil," which requires a showing of fraud. The Court held that for jurisdictional purposes it is sufficient to demonstrate only that the corporation is in fact a mere shell used by the individual defendant. 664 F.2d at 903. (c.d.)

III. *Conclusion*

For the foregoing reasons, defendant Los Jabillos' and Gonzalez' motions to dismiss are denied.