JOHN E. WASHBURN, Director of Insurance of the State of Illinois, as Liquidator of Optimum Insurance Company of Illinois, Plaintiff-Appellant, v. B. FREDERICK BECKER III, *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 1—88—0889, 1—88—2621 cons.

Opinion filed July 17, 1989.

Jenner & Block, of Chicago (Russ M. Strobel, Charles B. Sklarsky, and Mark B. Tone, of counsel), for appellant.

Schiff, Hardin & Waite, of Chicago, and Satterlee, Stephen, Burke & Burke, and Rogers & Wells, both of New York, New York (W. Donald McSweeney, William A. Montgomery, and Kathleen M. Hennessey, of counsel), for appellees Arthur S. Hummel, William B. Jordan III, Michael J. Marra, Jeffrey O'Connell, Robert M. Perkins, Robert A. Reeves, Gerard R. Roche, Anthony D. Schoberl, Thomas F. Shea, and Robert H. Steele.

Phelan, Pope & John, Ltd., of Chicago, and Simpson, Thacher & Bartlett, of New York, New York (Peter C. John and Mary Patricia Benz, of counsel), for appellees William J. Clarke, Ronald H. Labenski, Edward R.

Lalley, Fred L. Packer, Michael A. Smith, and Daniel R. Varona.

Ross & Hardies, of Chicago (Michael H. King, of counsel), for appellee Robert A. Wachsler.

Louis B. Garippo, Ltd., of Chicago, and Snow, Becker & Krauss, P.C., of New York, New York (Paul C. Kurland, of counsel), for appellee Thomas A. Ruden.

Arnstein, Gluck, Lehr & Milligan, of Chicago, and Lynch, Rowin, Burnbaum & Crystal, P.C., of New York, New York (John L. Ropiequet, C. Vincent Maloney, William P. Laino, and Thomas J. Lynch, of counsel), for appellee Frederick A. Vyn.

Cantwell & Balonick, of Chicago, and Rich, Granoff, Levy & Gee, of Kansas City, Missouri (Andrew V. DePaul and Loeb Granoff, of counsel), for appellee Joseph B. Gibson.

Griffin & Fadden, Ltd., of Chicago (Bradley B. Falkoff, of counsel), for appellee Gerald Dolman.

No brief filed for other appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

John E. Washburn (plaintiff), Director of Insurance of the State of Illinois and court-appointed liquidator of Optimum Insurance Company of Illinois (Optimum), brought suit in the circuit court to recover damages allegedly suffered by Optimum due to the acts of certain directors and officers of Optimum and its parent companies. The nonresident defendants[1] specially appeared for the limited purpose of objecting to jurisdiction of the Illinois courts over their persons. The circuit court granted these defendants' motions to dismiss for lack of personal jurisdiction based upon the fiduciary shield doctrine and denied plaintiff leave to file an amended complaint. Pursuant to Su-

---

[1]The following nonresident defendants specially appeared in the circuit court: B. Frederick Becker III, William J. Clarke, Eugene F. Conway, Jr., Joseph D. Cook, Gerald Dolman, Thomas A. Duffield, Joseph B. Gibson, Peter K. Johnson, William B. Jordan III, Ronald H. Labenski, Edward R. Lalley, Arthur S. Hummel, Michael J. Marra, John A. Mitchell, Jeffrey O'Connell, Fred L. Packer, Robert M. Perkins, Robert A. Reeves, Gerald R. Roche, Thomas A. Ruden, Anthony D. Schoberl, Thomas F. Shea, Michael A. Smith, William R. Spence, Robert H. Steele, Daniel R. Varona, Frederick A. Vyn, Robert A. Wachsler and Roger H. Willis.

preme Court Rule 304(a) (107 Ill. 2d R. 304(a)), the circuit court found no just reason for delaying enforcement or appeal of these orders, and plaintiff filed a timely appeal. For the following reasons, we reverse and remand this action to the circuit court.

On April 23, 1986, the circuit court of Cook County found Optimum insolvent and entered an order of liquidation against it. The circuit court appointed plaintiff as Optimum's liquidator.

Optimum, an insurance company organized under the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 613 *et seq.*), is wholly owned by Optimum Holding Corporation (OHC), a New York corporation with its principal place of business in New York. In turn, 51% of OHC is owned by Ideal Mutual Insurance Company (Ideal), a mutual insurer organized under the law of New York. At the time of this appeal, Ideal was being liquidated in New York, and both OHC and Ideal were insolvent.

On September 17, 1986, plaintiff filed a complaint for injunctive and other relief seeking damages in excess of $21 million from the directors and officers of Optimum, OHC, and Ideal. The complaint alleges that the directors and officers of Optimum and its two parent companies, OHC and Ideal, participated in voidable transfers, acted negligently, and breached fiduciary duties owed to Optimum and its policy holders. It asserts the Illinois long-arm statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)) as a basis for jurisdiction.

Defendants moved to dismiss plaintiff's complaint or quash service of process based on the court's lack of personal jurisdiction over defendants. In support of their motions, each defendant submitted an affidavit asserting that he was not a resident of Illinois and had not resided in Illinois at any time pertinent to the events alleged in the complaint. Defendants argued that a tortious act was not committed within Illinois so as to subject them to jurisdiction under the Illinois long-arm statute (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)), and, in any event, the assertion of jurisdiction over them was barred by the "fiduciary shield doctrine."

In his response to the motions to dismiss, plaintiff sought to establish that defendants submitted themselves to jurisdiction in Illinois by the introduction of four letters. The circuit court denied introduction of these letters for lack of authentication and proper foundation.[2]

---

[2]These unsigned letters were allegedly written by Frederick A. Vyn, chief financial officer and treasurer of Optimum, OHC and Ideal, and purported to authorize large transfers of money from Optimum's account in Illinois to Ideal's account in New York.

After hearing arguments from both sides on the motions to dismiss, the circuit court granted defendants' motions on the ground that the fiduciary shield doctrine insulates defendants from suits in Illinois. It found that application of the doctrine is mandatory, thereby disavowing plaintiff's argument that the court had discretion in the matter.

The court subsequently entered an order denying plaintiff's motion for leave to file an amended complaint, which would replead facts to establish long-arm jurisdiction. It reasoned that repleading would not cure the court's lack of personal jurisdiction because of the mandatory application of the fiduciary shield doctrine. The court further stated that had plaintiff been permitted the opportunity to amend his complaint in the absence of the fiduciary shield doctrine, plaintiff could establish long-arm jurisdiction over defendants due to defendants' alleged commission of tortious acts in Illinois.

■ The fiduciary shield doctrine provides that "if an individual has contact with a State only by virtue of his acts as a fiduciary of a corporation" (*Olinski v. Duce* (1987), 155 Ill. App. 3d 441, 443-44, 508 N.E.2d 398, 400), such acts may not form the predicate for the exercise of jurisdiction over him as an individual. (*Hurletron Whittier, Inc. v. Barda* (1980), 82 Ill. App. 3d 443, 447, 402 N.E.2d 840, 843; see also *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 797, 383 N.E.2d 1379, 1385.) The underpinning of this doctrine is that " 'it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.' " *State Security Insurance Co. v. Frank B. Hall & Co.* (N.D. Ill. 1981), 530 F. Supp. 94, 97, quoting *Marine Midland Bank, N.A. v. Miller* (2d Cir. 1981), 664 F.2d 899, 902.

■ In the instant case, defendants were clearly acting in their representative capacities as officers and directors of Optimum, OHC, and Ideal. Plaintiff's complaint states that the alleged improper actions of defendants were performed in their representative capacities as directors and officers of Optimum, OHC, and Ideal. Thus, no question exists on appeal as to whether the facts give rise to the fiduciary shield doctrine. At issue here is whether application of the fiduciary shield doctrine in Illinois is discretionary or mandatory.

Clearly, as set forth above, the fiduciary shield doctrine is recognized under Illinois law. (*Olinski,* 155 Ill. App. 3d 441, 508 N.E.2d 398.) Illinois courts, however, have not addressed the novel question of whether application of the doctrine is discretionary or mandatory.

Federal courts have addressed this issue. We regard these Federal court cases as persuasive authority on this issue.

■ A number of Federal courts have deemed the fiduciary shield doctrine as being equitable in nature (*Continental Illinois National Bank & Trust Co. v. Premier Systems, Inc.* (N.D. Ill. March 14, 1989), No. 88—C—7703 (unpublished memorandum opinion and order); *Veal Associates, Inc. v. ICI Americans, Inc.* (N.D. Ill. November 19, 1986), No. 86—C—7138 (unpublished memorandum opinion and order); *Roberts & Schaefer Co. v. Silver Engineering Works, Inc.* (N.D. Ill. December 12, 1986), No. 85—C—6378 (unpublished memorandum opinion and order); *Hyatt International Corp. v. Inversiones Los Jabillos, C.A.* (N.D. Ill. 1982), 558 F. Supp. 932, 936; *State Security*, 530 F. Supp. 94, quoting *Bulova Watch Co. v. K. Hattori & Co.* (E.D.N.Y. 1981), 508 F. Supp. 1322), and, as such, it is to be applied in the court's discretion based upon the particular facts of each case (*Production Contractors, Inc. v. Thomson* (N.D. Ill. February 23, 1988), No. 87—C—9898 (unpublished memorandum opinion and order); *Hyatt International*, 558 F. Supp. at 936; see also *Marine Midland Bank, N.A. v. Miller* (2d Cir. 1981), 664 F.2d 899). Because the fiduciary shield doctrine has inherent equities which implicate the balancing of fairness, courts have refused to espouse a mechanical application of the doctrine. *Production Contractors, Inc. v. Thomson* (N.D. Ill. February 23, 1988), No. 87—C—9898 (unpublished memorandum opinion and order); *Veal Associates, Inc. v. ICI Americans, Inc.* (N.D. Ill. November 19, 1986), No. 86—C—7138 (unpublished memorandum opinion and order); *Roberts & Schaefer Co. v. Silver Engineering Works, Inc.* (N.D. Ill. December 12, 1986), No. 85—C—6378 (unpublished memorandum opinion and order); *State Security*, 530 F. Supp. at 98, quoting *Bulova Watch Co.*, 508 F. Supp. at 1348.

Federal courts treating the fiduciary shield doctrine as discretionary have analyzed the facts of each case to reach their determination as to whether to apply the doctrine. As such, courts have utilized a number of factors in deciding whether to apply the doctrine. If, for example, the corporation which an individual defendant represents is a "sham," in that it lacks sufficient assets to respond in damages to a suit or is the defendant's alter ego,[3] personal jurisdiction will not be barred under the fiduciary shield doctrine. *Continental National Bank & Trust Co. v. Premier Systems, Inc.* (N.D. Ill. March 14, 1989), No. 88—C—7703 (unpublished memorandum opinion and order); *Franks v.*

---

[3]No allegations exist that Optimum, OHC, or Ideal are the alter egos of defendants.

*Eisenberger & Co.* (N.D. Ill. February 7, 1986), No. 85—C—7097 (unpublished memorandum opinion and order); *Hyatt Corp. v. Club Regency International, S.A.* (N.D. Ill. July 11, 1986), No. 85—C—7540 (unpublished memorandum opinion and order); *Veal Associates, Inc. v. ICI Americans, Inc.* (N.D. Ill. November 19, 1986), No. 86—C—7138 (unpublished memorandum opinion and order) *Brainerd & Bridges v. Weingeroff Enterprises, Inc.* (N.D. Ill. September 13, 1985), No. 85—C—493 (unpublished memorandum opinion and order); *State Security*, 530 F. Supp. at 98, quoting *Bulova Watch Co.*, 508 F. Supp. at 1348.

We defer to the foregoing authority, although it is not binding on this court. (*City of Chicago v. Groffman* (1977), 68 Ill. 2d 112, 118, 368 N.E.2d 891, 894.) We find no reason to ignore the sound rationale in these Federal cases, interpreting Illinois law. The circuit court's holding deprives plaintiff of a remedy in Illinois for the alleged improper acts that defendants committed. This does not comport with principles of equity. We will not automatically bar jurisdiction in Illinois simply because the doctrine fits the situation at hand. To do so would be to thwart the spirit and purpose of equity.

Plaintiff has alternatively argued that the cases which have considered the "sham factor" in refusing to apply the doctrine are dispositive of the facts before us, and that this court should therefore find that the doctrine should not be applied here. He argues under the "insufficient assets" factor that since Optimum, OHC, and Ideal are insolvent and incapable of responding to the damages that he has requested, the circuit court should have declined to apply the fiduciary shield doctrine.

Since the determination of whether to apply the doctrine is one to be made by the circuit court, this pronouncement is properly left for the circuit court on remand.

Plaintiff further requests this court to decide whether defendants are subject to Illinois long-arm jurisdiction (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)(2)) because of their commission of tortious acts in Illinois. Because our finding that the fiduciary shield doctrine is discretionary necessitates a remand for the circuit court to make the determination of whether to apply the doctrine, an adjudication of this issue on appeal would be premature. Moreover, this issue is not properly before us. The circuit court denied plaintiff the opportunity to amend his complaint to plead facts showing that defendants committed tortious acts in Illinois because the fiduciary shield doctrine would inevitably bar jurisdiction. The court, though, did concede that had the fiduciary shield doctrine not been at issue in this case, the exercise of long-arm jurisdiction could have been established based on

defendants' acts. Defendants, however, have not had the opportunity to respond to these allegations. Thus, it would be premature for us to decide this issue.

Accordingly, we reverse the orders of the circuit court dismissing plaintiff's complaint and denying plaintiff leave to file an amended complaint. We remand this cause to the circuit court of Cook County to reconsider, consistent with this opinion, defendants' motions to dismiss and plaintiff's motion for leave to file an amended complaint.

Reversed and remanded with directions.

MANNING, P.J., and O'CONNOR, J., concur.