James G. RYAN, Jr.,
Appellant–Plaintiff,

v.

CHAYES VIRGINIA, INC. an Indiana Corporation; Chayes Virginia, Inc., an Ohio Corporation; (Lorac Corp.); Raymond Perelman; Bernard Bergman; and Robert W. Astromsky, Appellees–Defendants.

No. 26A01–8902–CV–542.

Court of Appeals of Indiana,
First District.

May 14, 1990.

Rehearing Denied July 11, 1990.

---

Terry A. White, Olsen, Niederhaus, Labhart & White, Evansville, for appellant-plaintiff.

Rabb Emison, Emison Doolittle & Kolb, Vincennes, for appellees-defendants, Raymond Perelman and Bernard Bergman.

Robert J. Fair, Princeton, for appellee-defendant, Robert W. Astromsky.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James G. Ryan, Jr. (Ryan) appeals the Gibson Superior Court's grant of Bernard Bergman's (Bergman) and Raymond Perelman's (Perelman) Motions to Dismiss and Roger Astromsky's (Astromsky) Motion for Summary Judgment. We affirm.

## FACTS

On November 1, 1982, Astromsky hired Ryan as Vice President of Marketing for Chayes Virginia, Inc., an Ohio corporation (CV Inc., Ohio), of which Astromsky was President. On March 1, 1983, CV Inc., Ohio and its assets were sold to NuCV, an Indiana corporation. The assets sold to NuCV included a building and real estate located in Evansville, Indiana. Perelman was the sole shareholder of NuCV, which later changed its name to Chayes Virginia, Inc., an Indiana corporation (CV Inc., Indiana), when that name became available. Perelman's personal lawyer, Bergman, became President of CV Inc., Indiana, and

had a "free hand" to run the corporation on Perelman's behalf.

Ryan began working for CV Inc., Ohio on December 13, 1982. At that time he resided in Portland, Oregon, and commuted to the Evansville facility whenever necessary. Ryan sold his home in Portland in June of 1985, and lived in an apartment in Evansville until he purchased a condominium on October 4, 1985. Seven (7) days after Ryan closed on the condominium, Ryan's employment with CV Inc., Indiana was terminated.[1]

Ryan filed suit against CV Inc., Indiana; Astromsky; Perelman; and Bergman on June 23, 1986, alleging Wrongful Termination, Breach of Contract, Detrimental Reliance, and Fraud in the Inducement. Specifically, Ryan claimed that Astromsky had promised him permanent employment as long as he performed properly, and that in return Ryan was required to leave his prior employment, sell his home, and move to Evansville. Ryan claimed that both Bergman and Perelman insisted that Ryan move to Evansville, and that they promised Ryan he would not be fired without just cause.

On September 6, 1988, Bergman and Perelman filed a Motion to Dismiss, claiming that the court had no personal jurisdiction over them.[2] Astromsky filed a Motion for Summary Judgment on November 11, 1988. On September 11, 1989, the trial court granted both motions. This court granted Ryan permission to pursue this interlocutory appeal on February 20, 1990.

## ISSUES

We have restated Ryan's two (2) issues on appeal as follows:

1. Did the trial court err when it found it had no personal jurisdiction over Bergman and Perelman and thus granted their Motion to Dismiss?

2. Did the trial court err when it granted Astromsky's Motion for Summary Judgment?

## DISCUSSION AND DECISION

### Issue One

■ It is axiomatic that an Indiana court must have personal jurisdiction over a defendant in order to render a valid personal judgment against him. "The burden of proving the existence of personal jurisdiction is on the party claiming personal jurisdiction if challenged, as it was in this case, by a motion to dismiss." *Reames v. Dollar Savings Association* (1988), Ind.App., 519 N.E.2d 175, 176. In the present case, the trial court's jurisdiction over CV Inc., Indiana is not contested. However, Ryan claims that the trial court erred when it granted Bergman's and Perelman's Motions to Dismiss due to the court's lack of personal jurisdiction over them. The decision whether to grant a motion to dismiss based on a lack of *in personam* jurisdiction is within the sound discretion of the court. *Mid States Aircraft Engines v. Mize Co.* (1984), Ind.App., 467 N.E.2d 1242, 1247.

Bergman and Perelman claim that Indiana's long arm statute[3] does not confer *in personam* jurisdiction over them because their only contacts with Indiana were in their capacities as corporate officers of CV Inc., Indiana. Federal courts in this state have acknowledged the following general rule:

"Generally, a corporate officer who has contact with a forum only in regard to the performance of his official duties is not subject to the personal jurisdiction of that forum. A person whose contact with the forum stems from acts performed in a corporate capacity is generally not subject to personal jurisdiction in the forum in his individual capacity."

*Hafner v. Lutheran Church–Missouri Synod* (1985 N.D.Ind.) 616 F.Supp. 735, 739 (citations omitted).

1. Several other employees of CV–Inc., Indiana were terminated on that day as well.

2. Both Bergman and Perelman are residents of Pennsylvania.

3. Ind. Trial Rule 4.4.

This rule, sometimes referred to as the "fiduciary shield doctrine," provides that while a nonresident's conduct might subject him to personal liability, that same conduct does not necessarily permit the exercise of personal jurisdiction over him. *Wallach Marine Corp. v. Donzi Marine Corp.* (S.D.N.Y.1987), 675 F.Supp. 838, 842; *Hyatt International Corp. v. Inversiones Los Jabillos, C.A.* (N.D.Ill.1982) 558 F.Supp. 932, 935; *Bulova Watch Co. v. K. Hattori & Co.* (E.D.N.Y.1981), 508 F.Supp. 1322, 1347. Application of the "fiduciary shield doctrine" is not mandatory; because it is an equitable doctrine, it must be applied with a sound exercise of discretion. *Hyatt*, 558 F.Supp. at 936; *State Security Insurance Co. v. Frank R. Hall & Company, Inc.* (N.D.Ill.1981), 530 F.Supp. 94, 98; *Washburn v. Becker* (1989), 186 Ill.App.3d 629, 134 Ill.Dec. 418, 420–421, 542 N.E.2d 764, 766–767. Thus, absent an abuse of discretion, we will not reverse a trial court's decision in this regard.

In the present case, the trial court made the following findings of fact:

"22. In all contacts with Plaintiff, Defendant Bergman acted within the scope of his duties as President of CV Inc., Indiana.

23. With respect to all contacts with Plaintiff relevant to this cause of action Defendant Perelman acted within his capacity as Chairman of the Board of Chayes Virginia, Inc., an Indiana corporation, and had no personal knowledge nor information of Plaintiff's termination.

24. Defendant Bernard Bergman has never been a resident of the State of Indiana.

25. Defendant Raymond Perelman has never been a resident of the State of Indiana."

Record at 247. We find these findings to be supported by the record before us. On appeal, Ryan has presented no facts that would justify a rejection of the general rule.[4] We thus find no abuse of discretion in the trial court's refusal to exercise personal jurisdiction over Bergman and Perelman based on acts done in their capacity as officers of CV Inc., Indiana, and hold that the trial court's dismissal was proper.

*Issue Two*

Ryan's second allegation of error is that the trial court erred when it granted Astromsky's motion for summary judgment. When reviewing a grant of summary judgment, we use the same standard of review as the trial court: summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Seiler v. Grow* (1987), Ind.App., 507 N.E.2d 628, 630, *trans. denied.* In determining whether a genuine issue of material fact exists, we consider all matters in a light most favorable to the non-movant. *Watson Rural Water Co. v. Indiana Cities Water Corp.* (1989), Ind.App., 540 N.E.2d 131, 132 *trans. denied.* With this standard of review in mind, we turn to Ryan's contentions.

Ryan claims that the trial court erred in granting summary judgment in Astromsky's favor on Ryan's claim of breach of contract. We disagree. The record before us indicates that neither Astromsky nor the corporation of which he was President, CV Inc., Ohio, terminated Ryan's employment. On appeal, Ryan states no fact that would indicate otherwise. A defendant may obtain summary judgment if the undisputed facts negate at least one element of the plaintiff's claim. *Sanders v. Townsend* (1987), Ind.App., 509 N.E.2d 860, 862, *trans. denied.* Absent a showing that Astromsky was involved in the decision to terminate Ryan's employment, Astromsky was entitled to judgment

---

4. We note that an exception to the fiduciary shield doctrine may exist if the corporation which an individual defendant represents is a "sham," in that it lacks sufficient assets to respond in damages to a suit or is the defendant's alter ego. *Marine Midland Bank, N.A. v. Miller* (2d Cir.1981), 664 F.2d 899, 903; *Washburn*, 134 Ill.Dec. at 421, 542 N.E.2d at 767. At the hearing on Bergman's and Perelman's motion to dismiss, Ryan asserted that CV Indiana, Inc. may indeed be Perelman's alter ego; however, because he has failed to raise this issue on appeal he has waived it. *See In re Adoption of McNiece* (1982), Ind.App., 432 N.E.2d 440, 442.

as a matter of law; thus, the trial court's grant of summary judgment was proper.

Likewise, we find no error in the trial court's grant of Astromsky's motion for summary judgment on Ryan's claim of fraud. For fraud to be actionable, it must be shown there was a material misrepresentation of past or existing fact, made with knowledge of or in reckless disregard for the falsity of the statements, and that the misrepresentation caused reliance to the detriment of the party relying upon it. *Mantooth v. Federal Land Bank of Louisville* (1988), Ind.App., 528 N.E.2d 1132, 1138, *trans. denied; American Independent Management Systems, Inc. v. McDaniel* (1982), Ind.App., 443 N.E.2d 98, 100. In the present case, Astromsky's offer of employment to Ryan took the form of a letter, which stated in pertinent part:

> "As we discussed, both the dental industry and our company are in bad shape now. Near term prospects are not necessarily good, and Johnson & Johnson's [the parent company] cannot be guaranteed. *With this in mind,* I hereby offer you the position of Vice President Marketing—Chayes Virginia, Inc...."

Record at 129 (emphasis added). Ryan was fully advised that CV Inc., Ohio was not in good financial condition, and that the financial interest of the parent company was not guaranteed. It is with this knowledge that Ryan accepted the position with CV Inc., Ohio. Viewing the record in a light most favorable to Ryan, we find no genuine issue of material fact that would support Ryan's claim of fraud. Astromsky's motion for summary judgment was properly granted.

The trial court's judgment is in all respects affirmed.

BAKER and ROBERTSON, JJ., concur.