BOSTON CHICKEN, INC., a Delaware
Corporation, Plaintiff,

v.

MARKET BAR–B–QUE, INC.,
a Minnesota Corporation,
Defendant.

No. 95 C 2158.

United States District Court,
Northern District of Illinois,
Eastern Division.

March 1, 1996.

Gary Mark Sircus, Rudnick & Wolfe, Chicago, IL, for plaintiff.

John J. Held, Jr., Thomas J. Wimbiscus, Kirk A. Vander Leest, McAndrews, Held & Malloy, P.C., Chicago, IL, for defendant.

## MEMORANDUM ORDER

GETTLEMAN, District Judge.

Plaintiff Boston Chicken, Inc. filed this declaratory judgment action seeking to have the court determine whether there is a likelihood of confusion between plaintiff's mark BOSTON MARKET and defendant Market Bar–B–Que, Inc.'s marks that contain the word "market," and seeking an order directing the Commissioner of the United States Patent and Trademark Office to cancel defendant's U.S. Registration No. 1,191,424 for the mark MARKET. Plaintiff alleges subject matter jurisdiction over this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1051, and that venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

Defendant has filed a motion pursuant to Fed.R.Civ.P. 12(b)(2) and (3) to dismiss this action for lack of personal jurisdiction and improper venue. For the reasons stated below, defendant's motion is granted.

### FACTS

Plaintiff is a corporation organized under the laws of the State of Delaware and has its principal place of business in Golden, Colorado. Plaintiff operates and licenses franchisees to operate restaurants in thirty states including Illinois and Minnesota.

Defendant is a corporation organized under the laws of the State of Minnesota and has places of business in the Minneapolis, Minnesota area. All of defendant's employees work in the Minneapolis area.

Plaintiff, by and through its franchisee Northstar Restaurants, Inc., operates at least eight restaurants in a five county Minneapolis–St. Paul, Minnesota area under the name "Boston Market." On March 28, 1995, defendant's lawyer sent a letter to plaintiff's counsel who are located in Chicago, Illinois, stating that defendant has three Registrations in the State of Minnesota and two Registrations issued by the United States Patent and Trademark Office for the mark "Market Bar–B–Que" and "Market" (the "Cease and Desist Letter"). The Cease and Desist Letter states:

> This firm represents Market Bar–B–Que, Inc., a/k/a THE MARKET, a/k/a MARKET cafe in relation to its intellectual property matters, and specifically trademarks. It has been brought to my attention that your client is opening a restaurant under the tradename BOSTON MARKET in the Minneapolis area on Highway 100 and Excelsior Boulevard. Thus, your client is utilizing the service mark of my client, MARKET, in connection with restaurant services.
>
> .    .    .    .    .
>
> As its trademark counsel, I have advised my client that use of MARKET by Boston Chicken, Inc. in the fashion of BOSTON MARKET, in connection with restaurant services, constitutes trademark infringement and unfair competition and dilutes my client's trademark rights under the new Minnesota antidilution statutes. Use by Boston Chicken, Inc. of MARKET, is likely to cause consumers to think that my client has either endorsed, sponsored, or is in some way affiliated with Boston Chicken, Inc., or has itself expanded.
>
> .    .    .    .    .
>
> I look forward to hearing from you so that this matter may be most expeditiously completed and the restaurant your client is opening in Minnesota renamed, immediately.

On April 7, 1995, plaintiff filed the instant complaint. On May 15, 1995, defendant filed a complaint in Minnesota State Court seeking, among other things, to permanently enjoin plaintiff's use of any "trademark, tradename or trade designation including the word 'Market', or any confusingly similar term or trademark including 'Boston Market' or otherwise from infringing [Market B–B–Que's] valued trademark rights in the trademark 'Market' and the 'Market' family of marks in the State of Minnesota."

## DISCUSSION

Defendant filed the instant motion to dismiss asserting that this court lacks personal jurisdiction over defendant because: (1) defendant lacks minimum contacts with this district consistent with the due process clause of the fourteenth amendment; (2) defendant is not "doing or transacting business" in this State; and (3) venue is improper in this district under 28 U.S.C. § 1391(c).

Plaintiff has the burden of "providing sufficient evidence to establish a *prima facie* case of personal jurisdiction. The allegations in [its] Complaint are to be taken as true unless controverted by the [defendant's] affidavits; and any conflicts in the affidavits are to be resolved in [plaintiffs'] favor." *Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir.1987); *Haedike v. Kodiak Research, Ltd.,* 814 F.Supp. 679, 684 (N.D.Ill.1992).

■ When determining whether the court has personal jurisdiction over a defendant in a federal question action the court must ask: (1) does hailing this defendant into this court accord with the principles of the due process clause of the Fifth Amendment, and (2) does this court have the power to serve the defendant. *United States v. Martinez De Ortiz,* 910 F.2d 376, 381 (7th Cir.1990); *Merrill Lynch Business Financial Services, Inc. v. Marais, D.D.S.,* 1995 WL 608573 *3 (N.D.Ill. 1995).

■ In federal question cases "due process requires only that each party have sufficient contacts with the United States as a whole rather than any particular state." *Martinez De Ortiz,* 910 F.2d at 382. Under this standard, as in the instant case, most

federal question actions that raise the issue of personal jurisdiction proceed directly to the amenability of service inquiry. *Marais,* 1995 WL 608573 *4.

Federal Rule of Civil Procedure 4(k) governs a parties' ability to serve a defendant in both diversity and federal question actions. Rule 4(k) provides in part:

(1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

.    .    .    .    .

(D) when authorized by a statute of the United States.

.    .    .    .    .

■ Under Rule 4(k), service of the instant complaint may be accomplished either by complying with the Illinois long arm statute, or through compliance with the specific service requirements found in the relevant federal statutes. *Marais,* at *5. Plaintiff has not alleged, nor do the statutes provide, that either the Declaratory Judgment statute or the Lanham–Act authorize nation-wide service of process as contemplated by 4(k)(1)(D). Accordingly, the court must determine whether defendant can be served under the Illinois long arm statute.

Plaintiff argues that this court has personal jurisdiction over defendant pursuant to Section 209(c) of the Illinois long-arm statute. In order to serve defendant, a nonresident, thereby perfecting personal jurisdiction, the court must comply with the state of Illinois' long-arm statute and the due process clauses of both the United States' and Illinois' constitutions. Fed.R.Civ.P. 4(k)(1)(A); *Marais,* at *6, citing, *Health Care Service Corp. v. Lack,* 35 F.3d 568 (7th Cir.1994). Under the Illinois long-arm statute, state courts have general jurisdiction over any claims against nonresident defendants on any basis permitted by the Illinois and United States Constitutions. 735 ILCS 5/2–209(c).

The federal Due Process Clause requires that the exercise of personal jurisdiction over a non-resident defendant comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In applying this standard, the court must consider "the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). The court must also weigh "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Id.*

Defendant runs two Minneapolis, Minnesota stores and does not now, and never has, had a presence in Illinois. There is no question that it would be a burden to defendant to litigate this action in this district. The second factor also weighs heavily in defendant's favor. Neither party in this action is a citizen of Illinois, and any interest this state may have in adjudicating this lawsuit is negligible.

Concerning plaintiff's interest in adjudicating this action, it is important to note that defendant's demands concerned only stores in Minnesota and adjacent states, not Illinois. Moreover, plaintiff is a citizen of Colorado, not Illinois. The court concludes, therefore, that forcing both the parties and witnesses to travel to Illinois for an action that Illinois has little if any interest in adjudicating will not result in the most efficient resolution of this action.

The reasonableness of jurisdiction rests not only on the equitable concerns listed above, however, but also on defendants' relations to the forum state. *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir.1992). "In determining whether jurisdiction is proper, the constitutional touchstone remains whether the defendant purposely established minimum contacts in the forum state." *Id.* at 946, quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). That requirement is met if the defendant "purposely avails himself of the privilege of conducting

activities within the forum state." *Id.*, quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Plaintiff argues that this court has personal jurisdiction over defendant based on the Cease and Desist Letter sent to plaintiff's counsel in Illinois, defendant's alleged assertions that the trademarks at issue in this matter were known in Illinois, and defendant's alleged promotion and transaction of business in this district. Further, plaintiff asserts that certain isolated sales to customers in Illinois over the past thirty years, and the Cease and Desist Letter sent to plaintiff's counsel in Illinois constitute sufficient "minimum contacts."

"Where the non-resident's contacts with the forum state are minimal, fairness requires some relationship between the cause of action and the minimum contact." *Spinozzi v. ITT Sheraton Corporation*, 1995 WL 3985 *2 (N.D.Ill.1995). A sufficient relationship exists when "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.*, 471 U.S. at 472, 105 S.Ct. at 2182 (citations omitted).

The evidence that plaintiff cites for its allegations does not support its arguments. For example, plaintiff argues that defendant promoted its product in Illinois and cites to the deposition of Steven Polski ("Polski"), defendant's president, in which Polski states:

> Market Bar–B–Que does not now and never has advertised in the State of Illinois. [F]or the purpose of a complete record, Market Bar–B–Que states that it has provided advertising/promotional information to the local Convention Center, located in close proximity to one of Market Bar–B–Que's two Minneapolis area restaurants, which presumably distributes/provides information to customers/patrons of the Convention Center.

With respect to whether defendant "transacted business" in Illinois, defendant cites Polski's deposition testimony in which Polski stated that over his 30 years with defendant they received phone orders from people to send food outside of Minnesota. Polski testified that defendant sent food to Chicago area residents "dozens of times over 30 years." After reviewing defendant's, UPS', and Federal Express' records, Polski noted on his deposition errata sheet that defendant has sent only one shipment to the state of Illinois since 1991.

The court finds that even if defendant had sent food shipments to a dozen customers in Illinois over thirty years, these sales constitute minimal contacts with Illinois and have no relationship to the instant case. Consequently, the only remaining arguably jurisdictional contact is the Cease and Desist Letter sent to plaintiff's counsel. In support of this argument plaintiff cites *Chromium Industries, Inc. v. Mirror Polishing & Plating Co.*, 193 U.S.P.Q. 158, 161 (N.D.Ill.1976), in which the court held that the defendant's notification to the plaintiff, an Illinois resident with its principal place of business in Chicago, was sufficient to find in personam jurisdiction.

The facts in *Chromium Industries* are distinguishable from this case. In the instant case, plaintiff is not located in this district or in Illinois, but in Colorado. The Cease and Desist Letter was sent to plaintiff's counsel, who (unlike plaintiff) is located in Illinois. Further, in *Classic Golf Co. v. Karsten Manufacturing Co., et al.*, 231 U.S.P.Q. 884, 885–886 (N.D.Ill.1986), citing multiple cases, this court determined not to follow *Chromium Industries*, and held that "[t]he sending of infringement letters has been uniformly held insufficiently by itself to satisfy the minimum contacts requirement.... Therefore, this court follows the majority rule and holds the phone call and mailing of the letters claiming infringement are below the threshold established by the due process clause."

After carefully reviewing all of the materials presented by the parties and the facts in this case, the court finds that it does not have personal jurisdiction over defendant in this action.[1] Accordingly, the court grants defen-

---

1. Having found that it lacks personal jurisdiction over defendant, the court will not address defen-

dant's motion to dismiss for improper venue.

dant's motion to dismiss for lack of personal jurisdiction.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss pursuant to Rule 12(b)(2) is granted. Therefore, this action is dismissed.